UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

XIOMARA ALBA

Plaintiff,

v.

LATINO GROCERY/SPANISH FOOD INC.,
and
JOSE ESPINAL

Defendants.

Case No.:

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff XIOMARA ALBA, by and through the undersigned counsel, hereby files this Complaint against the above named Defendants, LATINO GROCERY/SPANISH FOOD INC, and JOSE ESPINAL.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff Xiomara Alba, (hereafter "Plaintiff") against her former employer, Defendant LATINO GROCERY/SPANISH FOOD INC. and JOSE ESPINAL (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendants paid all her hours worked at the regular rate of pay, including those worked in excess of forty (40) in a workweek.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Orange County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff, a resident of Orange County, Florida, was a former employee of Defendant who worked at Latino Grocery/Spanish Food Inc.

6. Defendant LATINO GROCERY/SPANISH FOOD INC. is a corporation organized and existing under and by virtue of the laws of the State of Florida.

7. Upon information and belief, Defendant JOSE ESPINAL is a resident of Orange County, Florida and operates LATINO GROCERY/SPANISH FOOD INC.

## COVERAGE

8. Defendant LATINO GROCERY/SPANISH FOOD INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

9. Upon information and belief, Defendant LATINO GROCERY/SPANISH FOOD INC.'s annual gross volume of sales exceeded $500,000/year at all relevant times.

10. Defendant LATINO GROCERY/SPANISH FOOD INC. was an employer within the definition of the FLSA, 29 U.S.C. § 203.

11. Defendant JOSE ESPINAL is an individual resident of the State of Florida, who owned and/or operated LATINO GROCERY/SPANISH FOOD INC. and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) hired and fired employees; d) established employee work schedules; e) controlled terms of employment; and/or f) had the authority to set employee wages. In sum, Defendant JOSE ESPINAL was an employer within the definition of the F.L.S.A., 29 U.S.C. § 203.

12. During the term of her employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

13. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

14. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

15. Plaintiff Xiomara Alba was employed by Defendant.

16. Plaintiff held a kitchen helper position at the time of her separation from employment with Defendants.

17. Plaintiff's duties included cooking, preparing food, and cleaning dishes.

18. Additionally, several days a week Plaintiff distributed marketing flyers as part of her job duties.

19. Plaintiff was an hourly employee.

20. Plaintiff's last hourly rate was $8.00 per hour.

21. During her employment with Defendants, Plaintiff was classified as non-exempt.

22. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

23. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times her regular rate of pay.

24. Specifically, from May 2016 until separation, Plaintiff worked an average of 57 hours a week during those weeks that she did not distribute flyers.

25. Plaintiff worked an average of 64 hours a week during the weeks she distributed flyers.

26. Defendants were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

27. Defendants' actions were willful or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

28. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

29. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 28 above.

30. Defendants failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

31. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) in a workweek.

32. As a result of Defendants' willful violation hhof the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgement interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

33. Plaintiff requests a jury trial to the extent authorized by law.

Dated: February 24, 2017.                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff


s/ Luis Roberto Amadeo
Luis Roberto Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff